

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-14,665-07

**EX PARTE LARRY L. HICKS, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W00-02258-W (E) IN THE 363RD DISTRICT COURT
FROM DALLAS COUNTY**

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to forty years' imprisonment.

Applicant presents an affidavit he says his brother (Johnny Hicks) signed before a notary in which the brother admits to committing the robbery. Applicant has continuously maintained—at trial, at a motion for new trial hearing, and in habeas—that his brother committed the robbery, primarily based on alleged admissions the brother made to family members. The brother's affidavit, if true and previously unavailable, would be newly discovered evidence of Applicant's actual innocence claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve the factual issues. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the brother made the affidavit, whether Applicant could not have presented the affidavit in prior proceedings, and whether the factual allegations contained in the affidavit "prove by clear and convincing evidence ... that a jury would acquit [Applicant]" in light of the new evidence when weighed against the evidence of guilt. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015
Do not publish